IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

DAVID DAHLER,

                    Plaintiff,

          v.                                    MEMORANDUM and ORDER
                                                     07-cv-375-jcs
R. MARTINEZ, S.  NICKLIN, LIEUTENANT TURVEY,
CORRECTIONAL OFFICER RIVERA, CORRECTIONAL
OFFICER GEITT, CORRECTIONAL OFFICER DARCY,
J. SNOW and CORRECTIONAL OFFICER PEASE,

                    Defendants.

_____

     Plaintiff David Dahler was allowed to proceed on his claim
that he was denied access to the courts by defendants S. Nicklin,
R. Martinez, Correctional Officer Rivera and Correctional Officer
Geitt.  He was also allowed to proceed on his due process claims
against defendants Correctional Officer Darcy, Correctional Officer
Snow, Correctional Officer Pease, Lt. Turvey and R. Martinez.  In
his complaint he alleges that defendants Darcy Snow and Pease
deprived him of his property without due process and that
defendants Turvey and Rivera deprived him of his liberty without
due process.

     On October 29, 2007 defendants moved to dismiss or in the
alternative moved for summary judgment.  The motion for summary
judgment has been fully briefed and is ready for decision.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party.  If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).


FACTS

For purposes of deciding defendants' motion for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff David Dahler is an inmate at the Federal Correctional Institution, Oxford, Wisconsin (FCI-Oxford). Defendant Ricardo Martinez was the Warden at FCI-Oxford at all times material to this action. Defendant S. Nicklin was the Supervisor of Education at FCI-Oxford. Defendant Lt. Turvey was a Lieutenant at FCI-Oxford. Defendants Darcy, Geitt, Pease, Rivera and Snow were Correctional Officers at FCI-Oxford.

In May 2005 defendant Darcy confiscated his property without filling out the proper form. In October 2005 defendant Snow confiscated plaintiff's property without filling out a confiscation form.

Between January 26, 2007 and April 26, 2007 plaintiff was preparing a Rule 60(b) motion in a case which was denied by the United States Court of Appeals for the Seventh Circuit as frivolous. Plaintiff was housed in the Special Housing Unit at FCI-Oxford from March 15, 2006 to May 17, 2006. Plaintiff was denied certain legal material when he was in this unit that he needed to work on a petition for a writ of certiorari.

From July 5, 2006 to August 23, 2006 he was housed in the Special Housing Unit at his own request because of alleged threats to his safety if he remained in general population. Lt. Turvey did not hold any formal hearings for plaintiff during this time.

On July 6, 2007 plaintiff discovered that he was missing one box of legal materials. When he was released from the Special

3

Housing Unit in August 2006 plaintiff indicated that a dictionary and a Timex watch were missing from his property.  These items were found and returned to plaintiff.

In November 2006 defendant Pease confiscated his property without completing a confiscation form.  In 2007 defendant Snow confiscated plaintiff's property improperly.


MEMORANDUM

Plaintiff claims that he was deprived of his property without due process, that he was deprived of his liberty without due process and that he was denied access to the courts.  Plaintiff claims that Correctional Officers Darcy, Pease and Snow confiscated his property without due process.  Plaintiff was allowed to proceed on this claim but not on a Federal Tort Claims Act concerning these deprivations of his property.

An action for a federal claim for a denial of procedural due process will not lie if the officer's conduct was random and unauthorized and an adequate post-deprivation remedy exists. Hudson v. Palmer, 468 U.S. 517, 530-36 (1984).  Plaintiff had adequate post deprivations remedies, including the administrative remedy process and the Federal Tort Claims Act.  Plaintiff alleges that the actions of Darcy, Pease and Snow were unauthorized.  Since he had adequate post-deprivation remedies for the deprivation of his property, he has not stated a due process claim concerning

4

these deprivations of his property.  Defendants Darcy, Pease and Snow are entitled to judgment as a matter of law on this claim.

Plaintiff also claims that defendants Nicklin, Martinez, Geitt and Rivera lost a box of his legal property in July 2006 and that this prevented him from filing a writ of certiorari in the United States Supreme Court.  Plaintiff, however, has not shown that his failure to file this writ harmed him in a pending case.  Lewis v. Casey, 513 U.S. 343, 350 (1996), Defendants Nicklin, Martinez and Geitt are entitled to judgment in their favor on this calim.

Plaintiff also contends that defendant Nicklin and Martinez violated his right to access to the courts when they failed to have legal materials provided to him while he was in segregation. Plaintiff claims that the materials were necessary to file a Rule 60(b) motion.

Plaintiff has not shown that these two defendants were personally involved in denying him his legal materials.  Further, by his own admission plaintiff had more than two months to work on his Rule 60(b) motion when he was in general population. Plaintiff's Rule 60(b) motion was denied by the United States Court of Appeals for the Seventh Circuit as frivolous.

Plaintiff has not shown that the provision of legal materials while in segregation would have resulted in a different decision by the Court of Appeals.  Plaintiff was not denied access to the

courts by defendants Nicklin and Martinez and they are entitled to judgment in their favor on this claim.

Plaintiff claims that defendants Turvey and Martinez denied him due process when he was held in the Special Housing Unit because they did not provide him hearings pursuant to 28 C.F.R. §541.22.  The United States Court of Appeals of the Seventh Circuit has held that 28 C.F.R. §541.22 does not create a constitutionally protected liberty interest.  Crowder v. True, 74 F.3d 812, 815 (7th Cir.. 1999).  Accordingly, plaintiff's claim that he was denied hearings while in segregation is not a viable claim under the due process clause of the Fourteenth Amendment.  Defendant Turvey and Martinez are entitled to judgment in their favor on this calim.

Defendants' motion for summary judgment will be granted. Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claim must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).


ORDER

IT IS ORDERED that defendants' motion for summary judgment is GRANTED.

6

<u>Dahler v. Martinez, et al.</u>, 07-cv-375-jcs


        IT IS FURTHER ORDERED that judgment be entered in favor of

defendants against plaintiff DISMISSING his complaint and all

claims contained therein with prejudice and costs.

        Entered this 12th day of December, 2007.

                                        BY THE COURT:

                                        /s/


                                        _____
                                        JOHN C. SHABAZ
                                        District Judge